UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F I L E D
JUL 18 2016
CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 13-20882

Hon. John Corbett O'Meara

AARON GOLDFEIN, M.D., *et al.*,

Defendants.
_____/

## OPINION AND ORDER

Before the court are several pretrial motions filed by the parties: (1) Defendants Goldfein and Binder's motions to dismiss Counts 1 and 32 for multiplicity; (2) Defendant Goldfein's motion to dismiss first superseding indictment for vindictive prosecution; (3) Defendant Binder's motion for a bill of particulars; (4) Defendant Sokoll's motion to sever due to medical incapacity; (5) Defendant Goldfein's motion in limine regarding board certification status and administrative actions; (6) the government's motion in limine to preclude Defendants from introducing evidence of lawful/good conduct; (7) the government's motion in limine to preclude Defendants from introducing evidence of prior acquittal of William Binder; and (8) the government's omnibus motion in limine.

## BACKGROUND FACTS

Defendants are alleged to have committed health care fraud. A grand jury returned the first superseding indictment on June 9, 2015, against Aaron Goldfein, M.D., William Sokoll, M.D., William Binder, M.D., Muhammad Zafar, Tariq Khan, and Ghulam Shakir.[1] The indictment sets forth thirty-six counts, as follows: Count 1, conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349; Counts 2-16, health care fraud, in violation of 18 U.S.C. §1347; Counts 17-31, wire fraud; and Count 32, conspiracy to pay and receive kickbacks, in violation of 18 U.S.C. § 371. The government alleges that Defendants fraudulently billed Medicare for physician home visits that were not medically necessary and not provided, billed for physician home visits that were not provided by licensed physicians, and billed for home visits when referrals for those services were obtained through the payment of kickbacks.

## LAW AND ANALYSIS

I. **Goldfein and Binder's Motions to Dismiss for Multiplicity**

Defendants Goldfein and Binder contend that Counts 1 and 32 suffer from multiplicity and must be consolidated or dismissed. According to Defendants,

---

[1] Tariq Khan pleaded guilty to Count 1 on May 12, 2016. Muhammad Zafar has apparently absconded to Pakistan. Ghulam Shakir has also presumably fled.

although Counts 1 and 32 charge two conspiracies, they are in fact the same conspiracy. "'Multiplicity' is charging a single offense in more than one count in an indictment." United States v. Swafford, 512 F.3d 833, 844 (6th Cir. 2008). Multiplicity may result in a defendant being punished twice for the same crime, in violation of the Constitution's Double Jeopardy Clause, "or may unfairly suggest that more than one crime has been committed." Id. However, a defendant may be charged with multiple offenses based on the same underlying conduct as long as each offense requires proof of an element that the other does not. Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Kelly, 204 F.3d 652, 656 (6th Cir. 2000) (citing Blockburger).

Count 1 charges a conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, whereas Count 32 charges a conspiracy to pay and receive kickbacks, in violation of 18 U.S.C. § 371. These are separate offenses that each require proof that the other does not, thus meeting the Blockburger test. See, e.g., United States v. Fowler, __ F.3d __, 2016 WL 1381907 at *8 n.4 (6th Cir. Apr. 7, 2016) (convictions for both conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and conspiracy to pay or receive healthcare kickbacks, in violation of 18 U.S.C. § 371, do not violate Double Jeopardy Clause).

Defendants do not dispute that the Blockburger test is met, but rather argue that the court should undertake the analysis set forth in United States v. Sinito, 723 F.2d 1250, 1256 (6th Cir. 1984). In Sinito, the defendant was charged with a RICO conspiracy and found guilty. Subsequently, the defendant was charged in a second RICO conspiracy in a different indictment. In determining whether the second conspiracy charge violated the Double Jeopardy Clause, the Sixth Circuit questioned whether "the particular acts alleged in the indictment are part of a larger, unified conspiracy for which the defendant has already been prosecuted." Id. at 1258.

The government argues that Sinito applies in the context of successive prosecutions under the same conspiracy statute, when there is a danger that a defendant is to be punished twice for the same offense. When, as here, the government charges a defendant under two different conspiracy statutes, the multiplicity problem does not exist, because Congress has created two separate offenses. See United States v. Nakashian, 820 F.2d 549, 553-54 (2d Cir. 1987) ("[T]he issue in multiplicity cases is the unauthorized imposition of multiple punishments for the same conduct, and Congress obviates any multiplicity problems by creating different offenses which prescribe multiple punishment.").

Further, applying the Sinito test under these circumstances is contrary to

Albernaz v. United States, 450 U.S. 333 (1981). In Albernaz, the Supreme Court found that the defendants could be charged under two different conspiracy statutes, even though the charges arose from a single agreement:

> Petitioners' contention that a single conspiracy which violates both § 846 and § 963 constitutes the "same offense" for double jeopardy purposes is wrong. . . . It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause. This is true even though the "single transaction" is an agreement or conspiracy.

Albernaz v. United States, 450 U.S. 333, 344 (1981).

Counts 1 and 32 of the first superseding indictment charge separate offenses, even if they arise from the same agreement. Accordingly, the court will deny Defendants' motion to dismiss for multiplicity.

## II.     Goldfein's Motion to Dismiss for Vindictive Prosecution

Defendant Goldfein was indicted on November 26, 2013, on one count of conspiracy to commit health care fraud, and four substantive counts of health care fraud. The government and Goldfein engaged in plea negotiations, during which the government played a video of a May 22, 2013 meeting at Goldfein's office. Goldfein's counsel told the government that he did not believe the video would be admissible in court. Ultimately, Goldfein rejected the government's plea offer.

In January 2015, DOJ attorney Matthew Thuesen informed Goldfein's counsel that he had decided to file a superseding indictment with additional conspiracy and substantive counts in order to be able to introduce the May 22, 2013 video into evidence at trial. Defendant contends that the government's actions were a vindictive response to Defendant's rejection of the plea offer and the inadmissibility of the video.

The government contends that after obtaining the original indictment, it continued to investigate Defendant Goldfein and his co-conspirators. The government states that its decision to seek a superseding indictment was "based on a number of factors including the strong evidence that the defendants had committed the additional charged offenses and the fact that Ms. Kassab's identity [a confidential informant] had been revealed and she was no longer an active confidential source." Govt. Br. at 5.

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). This discretion is limited, however, by the requirements of due process, which "prohibits an individual from being punished for exercising a protected statutory

or constitutional right." United States v. Poole, 407 F.3d 767, 774 (6th Cir. 2005).

To demonstrate prosecutorial vindictiveness, a defendant must show

> (1) exercise of a protected right; (2) the prosecutor's "stake" in the exercise of that right; (3) the unreasonableness of the prosecutor's conduct; and, presumably, (4) that the prosecution was initiated with the intent to punish the plaintiff for the exercise of the protected right. Thus, a person claiming to be vindictively prosecuted, must show that the prosecutor had some "stake" in deterring the petitioner's exercise of his rights, and that the prosecutor's conduct was somehow unreasonable.

United States v. Dupree, 323 F.3d 480, 489 (6th Cir. 2003). In the plea bargaining context, however, a prosecutor may threaten to charge a defendant with a more serious crime if he does not plead guilty. Bordenkircher, 434 U.S. at 363-65 ("[I]in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."). "[T]he Supreme Court long ago adopted the position that the prosecution may legitimately threaten to bring harsher charges in order to induce a defendant into pleading guilty, despite the fact that the harsher charges, if brought, might appear to penalize a defendant for exercising his right to trial." United States v. LaDeau, 734 F.3d 561, 566, 569 (6th Cir. 2013).

Here, the government brought additional charges against Goldfein as a

result of the failure of the plea bargaining process. Such circumstances do not support a finding of vindictiveness. See United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001) ("[I]f the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive."). Nor does Goldfein's contention that the government was responding to the potential inadmissibility of the May 2013 video. Goldfein cannot show that the prosecution had any particular "stake" in preventing him from filing a motion to exclude that evidence, which is routinely done. See Suarez, 263 F.3d at 480 ("It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter.") (citation omitted). The court will deny Goldfein's motion to dismiss for prosecutorial vindictiveness.

### III. Binder's Motion for a Bill of Particulars

Defendant Binder has moved for a bill of particulars. See Fed. R. Crim. P. 7(f). A bill of particulars insures that the defendant understands the nature of the charges so he can adequately prepare for trial and minimizes the danger of unfair surprise. The granting of a bill of particulars is within the district court's discretion. See United States v. Robinson, 390 F.3d 853 (6th Cir. 2004).

The indictment charges a broad conspiracy to commit health care fraud and wire fraud from December 2008 to December 2013. Binder contends that the

indictment fails to inform him when he entered the alleged conspiracy and which specific patient visits were fraudulent. The government responds that the indictment is detailed and that it has provided Defendants with voluminous discovery.

When, as here, the indictment sets forth the elements of the offense charged and sufficiently apprises Defendant of the charges to enable him to prepare for trial, a bill of particulars is not warranted. See United States v. Cox, 2012 WL 6568088 at *1 (E.D. Mich. Dec. 14, 2012) (O'Meara, J.). In addition, "[w]here the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information is available through some other satisfactory form, such as discovery." United States v. Blanchard, 542 F.3d 1133, 1140-41 (7th Cir. 2008). Indeed, the type of information that Defendant is requesting – such as specific Medicare claims involved in the conspiracy – is not the proper subject of a bill of particulars. See United States v. Elhorr, 2014 WL 5511502 at *2 (E.D. Mich. Oct. 31, 2014) (Edmunds, J.); United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (noting a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial").

Because the indictment is sufficiently detailed and the government has

provided voluminous discovery, the court will deny Defendant Binder's motion for a bill of particulars.

## IV. Defendant Sokoll's Motion for Severance

Defendant Sokoll has requested that he be severed for the purpose of trial. He claims that his present health condition prevents him from going to trial at this time and requests that his trial be adjourned for three to six months. (Trial was scheduled for June 13, 2016, but it has since been adjourned to November 8, 2016.) On December 20, 2015, Sokoll was diagnosed with necrotizing fasciitis ("flesh eating bacteria"), which affected his lower back, buttocks, and perineum. He lapsed into a coma and was admitted to the intensive care unit. He recovered from the coma and underwent fifteen surgeries to remove infected issue and decrease the open wound on his sacrum. He is currently weak, but undergoing physical therapy. Sokoll has provided a detailed letter from his physician outlining a long list of his ailments. His doctor is of the opinion that, as a result of Sokoll's medications, pain, fatigue, and the open wound on his sacrum, he is unable to assist his counsel in his own defense. His doctor expects that he will improve within three to six months.

Sokoll's medical condition appears to preclude his appearance at trial at this time. Given that trial is currently scheduled for November 8, 2016, however,

severance is not necessary. The court will deny Sokoll's motion without prejudice.

## V. Goldfein's Motion in Limine regarding Board Certification Status

Defendant Goldfein seeks to exclude evidence regarding (1) his lack of board certification in any area of medical specialty care; and (2) any past administrative actions against him, including a 2009 administrative complaint filed by the Disciplinary Subcommittee of the Michigan Board of Medicine.

The government responds that it does not intend to offer evidence regarding Goldfein's lack of board certification, unless the defendant "opens the door" to such evidence.

The administrative complaint alleged that Goldfein prescribed OxyContin to patients that he had not examined and to those whose medical records did not support such a prescription. Goldfein entered into a consent order regarding the allegations and was placed on probation for one year. The government contends that the evidence is admissible as other acts evidence pursuant to Rule 404(b). According to the government, the evidence is admissible to show intent, knowledge, absence of mistake, and lack of accident. Similar to the allegations in the administrative action, the indictment alleges that Goldfein permitted other individuals to prescribe medication under his name and DEA number, when

Goldfein had not seen the patients and the prescriptions were unnecessary. The government contends that the administrative action is admissible to show that Goldfein knew that prescribing controlled substances without having seen a patient or without a medical need is wrong and that his conduct was not accidental.

Courts have admitted evidence of prior administrative actions when, as here, the evidence is probative of the defendant's intent and knowledge. United States v. Logan, 250 F.3d 350, 369 (6th Cir. 2001), abrogated on other grounds by Fed. R. Evid. 408. Any danger of unfair prejudice may be mitigated by appropriate jury instructions; moreover, "[e]vidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial pursuant to Rule 403." Id.

Defendant argues that the consent order is inadmissible as evidence of settlement negotiations pursuant to Rule 408. Evidence of settlement discussions is inadmissible under Rule 408 only "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Civ. P. 408(a). On the other hand, such evidence is admissible to show a defendant's state of mind, which is the government's purpose in offering it here. See McAuliffe v. United States, 514 Fed. Appx. 542, 549-50

(6th Cir. 2013). Nonetheless, the court will deny Defendant's motion, without prejudice, so that it may evaluate the evidence in the proper context at trial.

VI. **Government's Motion in Limine to Preclude Defendants from Introducing Evidence of Legitimate or Good Conduct**

The government seeks to preclude Defendants from introducing "good acts" evidence – that they genuinely provided medically necessary services to their patients or that no kickbacks were paid in connection with services provided to certain patients. See United States v. Dimora, 750 F.3d 619, 630 (6th Cir. 2014) ("For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."). Defendant responds that a general, blanket prohibition of such evidence is improper at this stage and that the better course is to defer a ruling until trial so that questions of foundation, relevancy, and potential prejudice may be resolved the context of the specific evidence received. Consistent with the court's practice, the court will deny the government's motion without prejudice.

VII. **Government's Motion in Limine to Preclude Defendants from Introducing Evidence of Prior Acquittal of William Binder**

In 2013, Defendant Binder was charged in a separate case with one count of unlawfully distributing controlled substances. A jury was unable to reach a

verdict and a mistrial was declared. The court granted Binder's motion for acquittal in June 2014. The government seeks to preclude evidence of this prior acquittal. Defendant Binder responds that he does not intend to offer evidence of his prior acquittal. To the extent this motion is not moot, the court will deny it without prejudice.

## VIII. Government's Omnibus Motion in Limine

The government has filed an "omnibus" motion in limine, seeking to preclude the introduction of various categories of evidence or argument, such as the criminal records of any witnesses, hearsay evidence, discovery disputes, jury nullification, plea negotiations, etc. Disputes about this evidence are more properly resolved at trial. The court will deny the government's motion without prejudice.

## ORDER

IT IS HEREBY ORDERED that Goldfein and Binder's motions to dismiss for multiplicity (Docket Nos. 105, 110) are DENIED.

IT IS FURTHER ORDERED that Goldfein's motion to dismiss for vindictive prosecution (Docket No. 104) is DENIED.

IT IS FURTHER ORDERED that Binder's motion for a bill of particulars (Docket No. 109) is DENIED.

IT IS FURTHER ORDERED that Sokoll's motion to sever (Docket No. 114) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Goldfein's motion in limine regarding board certification status (Docket No. 103) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the government's motion in limine to preclude Defendants from introducing evidence of legitimate conduct (Docket No. 107) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the government's motion in limine to preclude Defendants from introducing evidence of prior acquittal of William Binder (Docket No. 108) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the government's omnibus motion in limine (Docket No. 106) is DENIED WITHOUT PREJUDICE.

Dated: July 18, 2016

John Corbett O'Meara
United States District Judge